DAVID G. SPIVAK (SBN 179684)
 david@spivaklaw.com
CAROLINE TAHMASSIAN (SBN 285680)
 caroline@spivaklaw.com
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Ste 312
Encino, CA 91436
Telephone (818) 582-3086
Facsimile (818) 582-2561

Attorneys for Plaintiff,
CASSIDY MARSH, and all others similarly situated
(additional attorneys listed on next page)

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| CASSIDY MARSH, on behalf of himself, and all others similarly situated and as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Act of 2004,<br><br>*Plaintiff(s)*,<br><br>vs.<br><br>THE PROCTER & GAMBLE PAPER PRODUCTS COMPANY, an Ohio corporation; and DOES 1 through 10, inclusive,<br><br>*Defendant(s).* | Case No.: 2:18-cv-04944-R-E<br><br>**CLASS ACTION**<br><br>**[PROPOSED] SECOND AMENDED COMPLAINT FOR:**<br><br>1. Failure to Provide Rest Breaks (Lab. Code §§ 226.7 and 1198);<br>2. Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512 and 1198);<br>3. Failure to Pay All Wages Earned for All Hours Worked at the Correct Rates of Pay (Lab. Code §§ 510, 1194, 1197, and 1198);<br>4. Wage Statement Penalties (Lab. Code § 226);<br>5. Waiting Time Penalties (Lab. Code §§ 201-203);<br>6. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*); and |



**SPIVAK LAW**

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086Tel
(818) 582-2561 Fax
SpivakLaw.com

1

*Marsh v. The Procter & Gamble Paper Products Company, et al.*          Second Amended Complaint

7. Civil Penalties (Lab. Code §§ 2698,
   *et seq.*).

**JURY TRIAL DEMANDED**

## <u>ADDITIONAL ATTORNEY FOR PLAINTIFF</u>

WALTER HAINES (SBN 71075)
     walter@uelglaw.com
UNITED EMPLOYEES LAW GROUP
5500 Bolsa Ave., Suite 201
Huntington Beach, CA 92649
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086Tel
(818) 582-2561 Fax
SpivakLaw.com

SPIVAK LAW

Plaintiff CASSIDY MARSH (hereafter "Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this class action based on alleged violations of the California Labor Code, Industrial Welfare Commission Order No. 1-2001 (hereafter "the Wage Order"), and the Business and Professions Code, against THE PROCTER & GAMBLE PAPER PRODUCTS COMPANY, and Does 1-10, inclusive (collectively "Defendants").

2.     As set forth in more detail below, Plaintiff alleges that Defendants are liable to him and other similarly situated current and former employees for unpaid wages and other related relief. These claims are based on Defendants' alleged failures to (1) provide all rest and meal periods, (2) pay all wages earned for all hours worked at the correct rates of pay, (3) fairly compete, (4) provide accurate written wage statements, and (5) timely pay final wages upon termination of employment. Accordingly, Plaintiff now seeks to recover unpaid wages and related relief through this class action.

## PARTIES

3.     Defendants employed Plaintiff in Oxnard, California as a converting technician from approximately July of 2011 to approximately December of 2017. Plaintiff currently resides in Oxnard, California. At all relevant times, Plaintiff was an "employee" within the meaning of Title 8 California Code of Regulations Section 11010 and an "aggrieved employee" within the meaning of Labor Code Section 2699(c).

4.     Defendant THE PROCTER & GAMBLE PAPER PRODUCTS COMPANY is a corporation organized under the laws of Ohio and also a citizen of California based on Plaintiff's information and belief.

5.     Plaintiff is ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as

3

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

DOES 1-10, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the complaint to allege the true names and capacities of the DOE defendants when ascertained.

6.    Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

7.    At all relevant times, in perpetrating the acts and omissions alleged herein, defendants, and each of them, acted pursuant to and in furtherance of a policy and practice which resulted in Defendants not paying Plaintiff and other members of the below-described class in accordance with applicable California labor laws as alleged herein.

8.    Plaintiff is informed and believes and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## CLASS ACTION ALLEGATIONS

9.    This action has been brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Class members are similarly situated persons and there are common questions of law and fact that predominate over any questions that solely affect individual class members. Class treatment is also superior to all other methods for fairly and efficiently adjudicating this controversy because it will allow a large number of similarly situated persons



S P I V A K   L A W

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

4

to both simultaneously and efficiently prosecute their common claims in a single forum without the needless duplication of effort and expense that numerous individual actions would entail. Further, Plaintiff is not aware of any difficulties that are likely to be encountered in the management of this action that would preclude class treatment.

10.   **Class Definition:** The class is defined as follows: All persons employed by Defendants in California as hourly employees, including but not limited to converting technicians, and in other comparable positions, at any time during the period beginning four years prior to the filling of this action and ending on the date that final judgment is entered in this action.

11.   **Reservation of Rights:** Plaintiff reserves the right to amend or modify the class definition with greater specificity, by further division into subclasses and/or by limitation to particular issues.

12.   **Numerosity:** The Class Members are so numerous that the individual joinder of each individual Class Member is impractical. While Plaintiff does not currently know the exact number of Class Members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under Rule 23.

13.   **Commonality and Predominance:** Common questions of law and fact exist as to all Class Members and predominate over any questions which affect only individual Class Members. These questions include, but are not limited to:

A.   Whether Defendants failed to provide the class with all rest periods as required by section 12 of the Wage Order?

B.   Whether Defendants failed to provide the class with all meal periods as required by section 11 of the Wage Order?

C.   Whether Defendants failed to pay all wages to the class for all hours worked at the correct rates of pay?

D.   Whether Defendants engaged in unfair competition within the



**S P I V A K   L A W**

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086Tel
(818) 582-2561 Fax
SpivakLaw.com

*Marsh v. The Procter & Gamble Paper Products Company, et al.*                    Second Amended Complaint

1  meaning of Business and Professions Code §§ 17200, *et seq.*, with respect to the
2  class?

3          E.      Whether Defendants knowingly and intentionally failed to
4  provide the class with accurate wage statements?

5          F.      Whether Defendants willfully failed to provide the class with
6  timely final wages?

7      14.  **Typicality:** Plaintiff's claims are typical of the other Class Members'
8  claims. Plaintiff is informed and believes and thereon alleges that Defendants have
9  a policy and  practice which resulted in Defendants failing to comply with the
10 California Labor Code and the Business and Professions Code as alleged herein.

11     15.  **Adequacy of Class Representative:** Plaintiff is an adequate class
12 representative in that he has no interests that are adverse to, or otherwise in conflict
13 with, the interests of absent Class Members. Plaintiff is dedicated to vigorously
14 prosecuting this action on behalf of Class Members. Plaintiff will fairly and
15 adequately represent and protect the interests of Class Members.

16     16.  **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class
17 counsel in that they have no known conflicts of interest with Plaintiff or absent
18 Class Members, are experienced in wage and hour class action litigation and are
19 dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent
20 Class Members.

21     17.  **Superiority:** A class action is vastly superior to other available means
22 for fair and efficient adjudication of Class Members' claims and would be beneficial
23 to the parties and the Court. Class action treatment will allow a number of similarly
24 situated persons to simultaneously and efficiently prosecute their common claims
25 in a single forum without the unnecessary duplication of effort and expense that
26 numerous individual actions would entail. In addition, the monetary amounts due
27 to many individual Class Members are likely to be relatively small and would thus
28 make it difficult, if not impossible, for individual Class Members to both seek and

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Marsh v. The Procter & Gamble Paper Products Company, et al.*                    Second Amended Complaint

obtain relief. Moreover, a class action will serve an important public interest by permitting Class Members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE REST BREAKS**

**(Lab. Code §§ 226.7 and 1198)**

**(By Plaintiff and the Class against all Defendants)**

18.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

19.    At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7, 1198, and the Wage Order.

20.    Labor Code § 1198 states,

> "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

21.    In relevant part, Section 12 of the Wage Order states:

Rest Periods:

> (A)    Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate often (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time

7



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

shall be counted as hours worked for which there shall be no deduction from wages.

(B)   If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

22.   In addition, Labor Code Section 226.7 states

(b)   An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)   If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

23.   Pursuant to the Wage Order, Plaintiff and the class were entitled to be provided with net rest breaks of at least ten minutes for each four hour period of work, or major fraction thereof.

24.   At all relevant times, Defendants had a policy and practice of failing to provide Plaintiff and the class with all required rest breaks free from any work or duties in accordance with the Wage Order, including, but not limited to, three ten-minute rest periods on workdays they worked more than ten hours in a workday.

8

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Marsh v. The Procter & Gamble Paper Products Company, et al.*                    Second Amended Complaint

Due to their work load, Plaintiff and the Class Members' managers often did not provide them with all their duty-free rest breaks. Defendants failed to provide Plaintiff and the Class Members with paid net rest periods of at least ten minutes for each four-hour work period, or major portion thereof. Defendants' policies and practices lack adequate safeguards to ensure that employees are relieved of their duties for all required rest periods and are paid additional wages when rest periods are not provided.

25.    At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and the Class Members the additional wages required by California Labor Code § 226.7 for all rest breaks not provided to them.

26.    As a result of Defendants' unlawful conduct, Plaintiff and the class have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all rest breaks not provided to them.

27.    By reason of the above, Plaintiff and the members of the class are entitled to premium wages for workdays in which one or more rest breaks were not provided to them pursuant to California Labor Code § 226.7.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 226.7, 512, and 1198)

### (By Plaintiff and the Class against all Defendants)

28.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

29.    At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7, 512 and 1198, and the Wage Order.

30.    Labor Code § 1198 states,

> "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The

9

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

31.     In relevant part, Labor Code Section 512 states

"An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

32.     In relevant part, Section 11 of the Wage Order states:

"Meal Periods

(A)    No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

(B)    An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C)    Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be

10



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086Tel
(818) 582-2561 Fax
SpivakLaw.com

*Marsh v. The Procter & Gamble Paper Products Company, et al.*                    Second Amended Complaint

considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D)   If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

33.   In addition, Labor Code Section 226.7 states

(b)   An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)   If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

34.   Pursuant to California Labor Code § 512 and the Wage Order, Plaintiff and the class were entitled to be provided with uninterrupted meal periods of at least 30 minutes for each day they worked five or more hours. Pursuant to California

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086Tel
(818) 582-2561 Fax
SpivakLaw.com

*Marsh v. The Procter & Gamble Paper Products Company, et al.*                    Second Amended Complaint

Labor Code § 512 and the Wage Order, they were also entitled to a second 30-minute meal period when they worked more than 10 hours in a workday.

35.     During the relevant time period, Defendants failed to provide Plaintiff and the class with all required meal periods free from any work or duties in accordance with California Labor Code § 512 and the Wage Order.

36.     At all relevant times, Defendants had a policy and practice of actively preventing Plaintiff and the Class Members from taking duty-free meal breaks as required by California law. Defendants required Plaintiff and the Class Members to take their meal periods only after a manager announced that it was lunch time. Defendants usually provided Plaintiff and Class Members with a meal period after they had already worked more than five (5) hours. Further, due to their work load, Plaintiff and the Class Members' managers often did not provide them with all their duty-free meal periods. Defendants also failed to provide Plaintiff and the Class Members with a second 30-minute, uninterrupted meal periods on workdays they worked more than ten hours in a workday.

37.     At all relevant times, Defendants had a policy and practice of not paying Plaintiff and the Class Members the additional wages required by California Labor Code § 226.7 for all meal periods not provided to them.

38.     As a result of Defendants' unlawful conduct, Plaintiff and the class have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all meal periods not provided to them.

39.     By reason of the above, Plaintiff and the members of the class are entitled to premium wages for workdays in which one or more meal periods were not provided to them pursuant to California Labor Code § 226.7.

///

///

///

///



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Marsh v. The Procter & Gamble Paper Products Company, et al.*                    Second Amended Complaint

## THIRD CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES EARNED FOR ALL HOURS WORKED AT THE CORRECT RATES OF PAY

### (Lab. Code §§ 510, 1194, 1197, and 1198)

### (By Plaintiff and the Class against all Defendants)

40.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

41.     At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 510, 1194, 1197, and 1198, and the Wage Order.

42.     Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

43.     Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

44.     In relevant part, California Labor Code § 1194 states,

> (a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

45.     Labor Code § 1198 makes it unlawful for an employer to employ an employee under conditions that violate the Wage Order.

13

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

46.     Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

47.     In relevant part, Section 3 of the Wage Order states,

(A) Daily Overtime - General Provisions

(1)     The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek.

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

48.     In relevant part, California Labor Code § 510 states,

Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight

14

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086Tel
(818) 582-2561 Fax
SpivakLaw.com

hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

49.    In conjunction, these provisions of the Labor Code require employers to pay non-exempt employees no less than their agreed-upon or statutorily mandated wage rates for all hours worked, including unrecorded hours when the employer knew or reasonably should have known that employees were working during those hours. *Morillion v. Royal Packing Co.* (2000) 22 Cal.4th 575, 585.

50.    As the court in *Henry v. Home Depot U.S.A., Inc* (N.D. Cal. Jan. 4, 2016) No. 14-CV-04858-JST, 2016 WL 39719, stated

The California Labor Code "affords an employer significant flexibility in the designation of a workweek" and workday. Cummings v. Starbucks Corp., No. CV 12-06345-MWF FFMX, 2013 WL 2096435, at *4 (C.D. Cal. May 14, 2013) (citing Seymore v. Metson Marine, Inc., 194 Cal. App. 4th 361, 370 (2011)). <u>However, the employer's designation must not be designed to evade paying overtime</u>. Id.; see also Jakosalem v. Air Serv Corp., No. 13-CV-05944-SI, 2014 WL 7146672 at *4 (N.D. Cal. Dec. 15, 2014). "An employer may not engage in subterfuge or artifice designed to evade the overtime laws." Huntington Mem'l Hosp. v. Sup. Ct., 131 Cal. App. 4th 893, 910 (2005).

*Id.*, at *2 (emphasis added). The burden is on Defendants' to show that their workday was not designed primarily to evade overtime pay. *Id.,* at 4.

51.    At all relevant times, Defendants compensated Plaintiff and the other Class Members with an hourly rate of pay on a bi-weekly basis. Plaintiff and Class Members worked both the day and the night shifts. Plaintiff and Class Members worked approximately 12 hours in a workday.

52.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and Class Members

15

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

with respect to working conditions and compensation arrangements which resulted in unpaid wages.

53.     As described above, Defendants failed to provide Plaintiff and Class Members with duty-free and uninterrupted meal periods. Defendants, however, deducted at least 30 minutes from Plaintiff and Class Members' hours worked in a workday even if they could not take their duty-free meal periods. Defendants also failed to compensate Plaintiff and Class Members for all hours that they worked at the correct rates of pay. Defendants restarted the workday clock at 12 midnight. This practice resulted in underpaid overtime wages when the employees worked the night shift because the overtime hours accumulated after 12 midnight were often compensated at their regular rates of pay instead of overtime rates of pay.

54.     As a result of Defendants' unlawful conduct, Plaintiff and the other Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period.

55.     As a result of Defendants' conduct, Plaintiff, on behalf of himself and the class, seeks damages and/or restitution for all earned wages which Defendants failed to pay them at the correct rates of pay, interest thereon, costs of suit and reasonable attorney's fees pursuant to California Labor Code §§ 1194.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE, WRITTEN WAGE STATEMENTS

## (Lab. Code § 226)

### (By Plaintiff and the Class against all Defendants)

56.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

57.     At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code § 226.

16

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

58.     Pursuant to California Labor Code § 226(a), Plaintiff and the class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing: a) gross wages earned; b) net wages earned; c) all applicable hourly rates in effect during the pay period; and d) the corresponding number of hours worked at each hourly rate by the employee.

59.     Pursuant to California Labor Code § 226(e), an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

60.     Pursuant to California Labor Code § 226(e), an employee is deemed to suffer injury if the employer fails to provide a wage statement. Also, an employee is deemed to suffer injury if the employer fails to provide accurate and complete information as required by California Labor Code § 226(a) and the employee cannot "promptly and easily determine" from the wage statement alone one or more of the following:

A.     The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to California Labor Code § 226(a);

B.     Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period;

C.     The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682 of the California Labor Code, the name and address of the legal entity that secured the services of the employer during the pay period; and



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Marsh v. The Procter & Gamble Paper Products Company, et al.*                    Second Amended Complaint

D.      The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

61.     "Promptly and easily determine," as stated in California Labor Code § 226(e), means a reasonable person would be able to readily ascertain the information without reference to other documents or information.

62.     As alleged herein, Defendants failed to provide Plaintiff and the class all wages owed, including but not limited to, minimum and overtime wages and all premium wages for unprovided rest and/or meal periods. As a result, Defendants have failed to properly and accurately itemize each employee's gross wages earned, net wages earned, the total hours worked, the corresponding number of hours worked by employees and other requirements of California Labor Code § 226. Further, Defendants failed to state all earned meal and rest period premium wages on Plaintiff and Class Members' itemized written wage statements. As a result, Defendants have violated California Labor Code § 226.

63.     Defendants' failure to provide Plaintiff and the class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the class with accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate.

64.     As a result of being provided with inaccurate wage statements by Defendants, Plaintiff and the class have suffered injury. Their legal rights to receive accurate wage statements were violated and they were misled about the amount of wages they had actually earned and were owed. In addition, the absence of accurate information on their wage statements prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amounts of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records and/or has led to the submission of inaccurate information about wages to state and federal government

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086Tel
(818) 582-2561 Fax
SpivakLaw.com

agencies. Further, Plaintiff and the class were not able to ascertain from the wage statements whether Defendants complied with their obligations under California Labor Code § 226(a).

65.     Pursuant to California Labor Code § 226(e), Plaintiff and the class are entitled to recover the greater of actual damages, or penalties of fifty dollars ($50) for the initial pay period in which a violation of California Labor Code § 226(a) occurred and one hundred dollars for each violation of California Labor Code § 226(a) in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) per Class Member, and are also entitled to an award of costs and reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION
## WAITING TIME PENALTIES
## (Lab. Code §§ 201-203)
### (By Plaintiff and the Class against all Defendants)

66.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

67.     Labor Code § 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge.

68.     Labor Code § 202 provides that all earned and unpaid wages of an employee who quits after providing at least 72-hours notice before quitting are due and payable at the time of quitting and that all earned and unpaid wages of an employee who quits without providing at least 72-hours notice before quitting are due and payable within 72 hours.

69.     Defendants failed to pay Plaintiff and the Class Members their final wages at the time they terminated their employment. Also, by failing to pay earned minimum, overtime, and premium wages to Plaintiff and the Class Members, Defendants failed to timely pay them all earned and unpaid wages in violation of

19

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Marsh v. The Procter & Gamble Paper Products Company, et al.*                    Second Amended Complaint

1    Labor Code § 201 or § 202.

2         70.    Labor Code § 203 provides that the wages of an employee continue on

3    a daily basis as a penalty for up to 30 days where an employer willfully fails to

4    timely pay earned and unpaid wages to the employee in accordance with Labor

5    Code § 201 or § 202.

6         71.    Plaintiff is informed and believes that Defendants' failures to timely

7    pay Plaintiff and the Class Members all of their earned and unpaid wages have been

8    willful in that, at all relevant times, Defendants have deliberately maintained

9    policies and practices that violate the requirements of the Labor Code and the Wage

10   Order even though, at all relevant times, they have had the ability to comply with

11   those legal requirements.

12        72.    Pursuant to Labor Code § 203, Plaintiff seeks waiting time penalties

13   on behalf of himself and the Class Members, in amounts subject to proof not to

14   exceed 30 days of waiting time penalties for each class member.

15                        **SIXTH CAUSE OF ACTION**

16                        **UNFAIR COMPETITION**

17                   **(Bus. & Prof. Code §§ 17200, *et seq.*)**

18            **(By Plaintiff and the Class against all Defendants)**

19        73.    Plaintiff incorporates all paragraphs of this Complaint as if fully

20   alleged herein.

21        74.    At all relevant times during the applicable limitations period, Plaintiff

22   and the class have been employees of Defendants and entitled to the benefits and

23   protections of the Business and Professions Code §§ 17200, *et seq*.

24        75.    The unlawful conduct of Defendants alleged herein amount to and

25   constitutes unfair competition within the meaning of California Business &

26   Professions Code §§ 17200, *et seq*. Due to their unfair and unlawful business

27   practices alleged herein, Defendants have unfairly gained a competitive advantage

28   over other comparable companies doing business in California that comply with

                                      20

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086Tel
(818) 582-2561 Fax
SpivakLaw.com

their legal obligations to compensate employees for all earned wages.

76.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the class have suffered injuries in fact and lost money or property. Plaintiff and the class were deprived of premium wages for all rest and meal periods not provided to them, for all hours they worked for which they did not receive compensation for at the correct rates of pay, and for unpaid wages resulting from not being provided with accurate wage statements.

77.    Pursuant to California Business & Professions Code § 17203, Plaintiff and the class are entitled to restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of their unlawful and unfair business practices.

78.    Plaintiff and the class are entitled to reasonable attorneys' fees in connection with their unfair competition claims pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## SEVENTH CAUSE OF ACTION
### CIVIL PENALTIES
### (By Plaintiff and the Class against all Defendants)

79.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

80.    Labor Code § 204 states

(a)    All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. …

21

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

SPIVAK LAW

(b)    (1)    Notwithstanding any other provision of this section, all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

(2)    An employer is in compliance with the requirements of subdivision (a) of Section 226 relating to total hours worked by the employee, if hours worked in excess of the normal work period during the current pay period are itemized as corrections on the paystub for the next regular pay period. Any corrections set out in a subsequently issued paystub shall state the inclusive dates of the pay period for which the employer is correcting its initial report of hours worked.

(c)    However, when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees.

(d)    The requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period.

81.    Defendants paid wages to employees on regular intervals. Defendants failed to pay Plaintiff on such intervals for all wages earned and all hours worked. On information and belief, Plaintiff alleges that Defendants also failed to pay the aggrieved employees on such intervals for all wages earned and all hours worked.

82.    During the applicable time period, Defendants violated California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1194, 1197, and 1198.

83.    California Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of themselves and other current or former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in California Labor Code § 2699.3.

84.    Pursuant to California Labor Code §§ 2699(a) and (f), Plaintiff and the Class are entitled to recover civil penalties for each of the Defendants' violations of

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Marsh v. The Procter & Gamble Paper Products Company, et al.*                    Second Amended Complaint

California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1194, 1197, and 1198 during the applicable limitations period in the following amounts:

A. For violations of California Labor Code § 204, one hundred dollars ($100.00) for each aggrieved employee for each initial violation and two hundred dollars ($200.00) for each aggrieved employee plus twenty-five percent (25%) of the amount unlawfully withheld from each aggrieved employee for each subsequent, willful or intentional violation (penalty amounts established by California Labor Code § 210).

B. For violations of California Labor Code § 226(a), two hundred fifty dollars ($250.00) for each aggrieved employee for initial violation and one thousand dollars ($1,000.00) for each aggrieved employee for each subsequent violation (penalty amounts established by California Labor Code § 226.3).

C. For violations of California Labor Code §§ 510 and 512, fifty dollars ($50.00) for each aggrieved employee for initial violation and one hundred dollars ($100.00) for each aggrieved employee for each subsequent violation, per pay period in addition to an amount sufficient to recover underpaid wages (penalty amounts established by California Labor Code § 558).

D. For violations of California Labor Code § 1197, one hundred dollars ($100.00) for each aggrieved employee for each initial and intentional violation and two hundred fifty dollars ($250.00) for each aggrieved employee for each subsequent violation, per pay period (regardless of whether the initial violations were intentionally committed), in addition to an amount sufficient to recover unpaid wages (penalty amounts established by California Labor Code § 1197.1).

E. For violations of California Labor Code §§ 201, 202, 203, 226.7, 1194, and 1198, one hundred dollars ($100.00) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation (penalty amounts



SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

23

*Marsh v. The Procter & Gamble Paper Products Company, et al.*                    Second Amended Complaint

established by California Labor Code § 2699(f)(2)).

85.    Plaintiff has complied with the procedures for bringing suit specified in California Labor Code § 2699.3. By letter dated March 9, 2018, Plaintiff filed written notice online with the Labor and Workforce Development Agency ("LWDA") and gave written notice by certified mail to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Plaintiff accompanied her LWDA notice with a fee in the amount of $75.00. The LWDA has failed to take action in response within 65 calendar days of the date of Plaintiff's notice, but Plaintiff anticipates that the LWDA will provide written notice to Plaintiff informing her that it does not intend to investigate these allegations.

86.    Pursuant to California Labor Code § 2699(g), Plaintiff and the aggrieved employees are entitled to an award of civil penalties, reasonable attorney's fees and costs in connection with their claims for civil penalties.

## **PRAYER FOR RELIEF**

87.    WHEREFORE, Plaintiff, on behalf of himself and the class, prays for relief and judgment against Defendants as follows:

A.    An order that the action be certified as a class action with respect to Plaintiff's claims for violations of California law;

B.    An order that Plaintiff be appointed class representative;

C.    An order that counsel for Plaintiff be appointed class counsel;

D.    Unpaid wages;

E.    Statutory penalties;

F.    Civil penalties;

G.    Declaratory relief;

H.    Actual damages;

I.    Restitution;

J.    Pre-judgment interest;

24

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

1   K.   Costs of suit;

2   L.   Interest;

3   M.   Reasonable attorneys' fees; and

4   N.   Such other relief as the Court deems just and proper.

5   **<u>DEMAND FOR JURY TRIAL</u>**

6   Plaintiff, on behalf of himself and all others similarly situated, hereby

7   demands a jury trial on all issues so triable.

8   Respectfully submitted,

9

10   THE SPIVAK LAW FIRM

11   Dated: June 6, 2018

12   By  /s/ David Spivak
       DAVID SPIVAK, Attorney for Plaintiff,
13   CASSIDY MARSH, and all others
       similarly situated

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Employee Rights Attorneys
16530 Ventura Blvd., Ste 312
Encino, CA 91436
(818) 582-3086Tel
(818) 582-2561 Fax
SpivakLaw.com

*Marsh v. The Procter & Gamble Paper Products Company, et al.*                    Second Amended Complaint