UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04944-R-E | Date | 07-11-19 |
|---|---|---|---|
| Title | *Cassidy Marsh v. The Procter & Gamble Paper Products Co., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Christine Chung | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiff's Motion to Certify Class for Settlement Purposes Only and Motion for Final Approval of Class Action Settlement (DE 26)**

## I.   INTRODUCTION

On April 10, 2018, Plaintiff Cassidy Marsh ("Plaintiff") initiated this action in Ventura County Superior Court alleging violations of California wage and hour laws against Defendant The Procter & Gamble Paper Products Company ("Defendant") and related entities which have since been dismissed from the case. This action was removed to federal court on June 4, 2018 under the Class Action Fairness Act ("CAFA"). (DE 1). A Second Amended Complaint was filed on June 11, 2018. (DE 15). The parties have agreed to a Stipulation and Class Action Settlement Agreement ("the Settlement") on behalf of Plaintiff and the conditionally-approved class which provides for a Total Settlement Amount of $650,000 in compromise of all disputed claims on behalf of all persons Defendant employed in California as hourly, non-exempt employees who were either (1) regularly scheduled to work 8 hour shifts or (2) regularly scheduled to work rotating 12 hour night/day shifts during the period of April 10, 2014 through February 1, 2019 (the "Class Period"). Plaintiff now moves for certification of the class for settlement purposes only, and for final approval of class action settlement.

Plaintiff requests that this Court "(1) confirm the certification of the Classes solely for settlement purposes pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"); (2) finally approve as fair, reasonable and adequate, the Settlement; (3) confirm the appointment of David Spivak of The Spivak Law Firm and Walter Haines of the United Employees Law Group as Class Counsel; (4) confirm the appointment of Plaintiff as class representative; (5) finally approve a Fees Award in the amount of $216,666 for attorneys' fees to Class Counsel; (6) finally approve a Costs Award of $9,992.44 for actual litigation costs to Class Counsel (the Settlement provides up to $20,000); (7) finally approve a Service Award of $15,000 to Plaintiff (the Settlement provides up to $15,000); (8) finally approve Settlement Administration Costs of $7,000 to Simpluris, Inc. for its services as the Settlement Administrator (the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04944-R-E | Date | 07-11-19 |
|---|---|---|---|
| Title | *Cassidy Marsh v. The Procter & Gamble Paper Products Co., et al.* | | |

Settlement provides up to $20,000); (8) finally approve an allocation of $20,000 to PAGA claims for civil penalties under the Labor Code Private Attorneys General Act of 2004, Labor Code §§ 2698, *et seq.*, ("PAGA Award") of which $15,000 will be paid to the Labor and Workforce Development Agency ("LWDA") and $5,000 of which will be included within the Net Distribution Fund to be made available for distribution to Class Members; and (9) enter the [Proposed] Final Approval Order and Final Judgment submitted herewith so as to give finality to the Settlement." For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II.     FACTUAL BACKGROUND

On February 1, 2019, this Court signed an order granting preliminary approval of the Settlement, finding on a preliminary basis that the Settlement is fair, adequate, and reasonable. (DE 25). For Settlement purposes only, the Court (1) conditionally certified the 8 Hour Class and 12 Hour Class, as defined by the Settlement Agreement and the preliminary approval order; (2) approved Plaintiff as the class representative for the combined Class; (3) preliminarily approved a Service Award to Plaintiff in the amount of Fifteen Thousand Dollars ($15,000); (4) appointed David Spivak and Caroline Tahmassian of The Spivak Law Firm and Walter Haines of the United Employees Law Group as Class Counsel for the combined Class; (5) preliminarily approved a Fees Award not to exceed Two Hundred and Sixteen Thousand, Six Hundred and Sixty-Six Dollars ($216,666) to Class Counsel; (6) preliminarily approved a Costs Award not to exceed Twenty Thousand Dollars ($20,000); and (7) appointed Simpluris, Inc. as the Settlement Administrator to administer the Settlement of this matter and further preliminarily approved Settlement Administration Costs of Twenty-Thousand Dollars ($20,000). The preliminary approval order gave members of the conditionally-certified class a deadline of no later than 60 calendar days from the Notice Date to submit a Notice of Objection. No such objections were filed, and only three class members requested to be excluded from the Settlement.

As required by PAGA and CAFA, the parties gave notice of the Settlement to the California LWDA on December 5, 2018 and to the United States and eight Attorneys General, including the Attorney General of California, on December 10, 2018.

## III.     JUDICIAL STANDARD

When parties in a class action reach a settlement agreement before the class is formally certified, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Acosta v. Trans Union LLC*, 243 F.R.D. 377, 383 (C.D. Cal. 2007). First, the Court must determine whether the class action complies with Federal Rule of Civil Procedure 23(a)-(b). *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 2003). Second, the court must determine whether the settlement is "fair, adequate, and reasonable" under Rule 23(e). *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04944-R-E | Date | 07-11-19 |
|---|---|---|---|
| Title | *Cassidy Marsh v. The Procter & Gamble Paper Products Co., et al.* | | |

      The fundamental question "is not whether . . . plaintiff [has] stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974). When ruling on the propriety of class certification, a district court "is bound to take the substantive allegations of the complaint as true." *Blackie v. Barrack*, 524 F.2d 891, 901 n.17 (9th Cir. 1975). A court "may not require plaintiffs to make a preliminary proof of their claim; it requires only sufficient information to form a reasonable judgment." *Baldwin & Flynn v. Nat'l Safety Assoc.*, 149 F.R.D. 598, 600 (N.D. Cal. 1993).

      As for the determination of whether a class action settlement is fundamentally fair, adequate, and reasonable, the reviewing court balances a number of factors, including: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon*, 150 F.3d at 1026 (citing *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993)).

**IV.**    **DISCUSSION**

    **A.**  **Rule 23(a)-(b), (e)**

      Here, the parties have agreed to class certification for the purposes of settlement only. On February 1, 2019, this Court granted preliminary approval of the Settlement as discussed in detail above. Neither the named parties nor any member of the class have raised any concerns affecting the Court's findings that the class is eligible for certification and that the Settlement is fair, adequate, and reasonable.

      Analysis of the *Hanlon* factors leads the Court to the same conclusion regarding the fairness, adequacy, and reasonableness of the settlement. First, this case has been ongoing for over a year, and each of the claims is disputed. Defendant asserts as part of the Settlement that it "has denied and continues to deny, *inter alia*, the allegations that: (1) [Defendant] P&G failed to provide rest breaks; (2) P&G failed to provide meal periods; (3) P&G failed to pay all wages earned at the correct rates of pay; (4) P&G failed to provide accurate, itemized wage statements; (5) P&G failed to timely pay wages owing at termination; (6) P&G engaged in any unfair business practices; (7) P&G engaged in any wrongful conduct as alleged in the Action; or (8) the putative Class Members were harmed by the conduct alleged in the Action." (DE 23-2, at 36). Plaintiff disputes each of Defendant's allegations and defenses and maintains that each of his claims and those of the class have merit. However, the parties agree that Settlement is the best course of action given the uncertainty, risk, and cost of further litigation. Moreover, the agreement to settle in principle was reached only after a full day of mediation on July 27,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04944-R-E | Date | 07-11-19 |
|---|---|---|---|
| Title | *Cassidy Marsh v. The Procter & Gamble Paper Products Co., et al.* | | |

2018 with a mediator experienced in wage and hour claims, and agreement on the terms of the Settlement came after months of further negotiation.

The parties represent that they "have conducted an extensive investigation of and discovery into the relevant facts and law." On July 3, 2018, the parties met in person to discuss their initial disclosures, relevant discovery, and the fundamental theories of their claims and defenses. Plaintiff propounded requests for the production of documents and interrogatories to Defendant, and Defendant issued requests for the production of documents to Plaintiff. The parties also exchanged Rule 26(a) initial disclosures at the July 3, 2018 meeting. (DE 23-2, at 34-35).

The Settlement further provides that Defendant provided Plaintiff with significant discovery allowing Plaintiff to investigate the strength of his claims, including: "(1) a class list for a 10% sampling of Class Members, that included employee numbers, the employee's most recent hire date, termination date(s) (as applicable), and the type of shift worked by the non-exempt employee during the class period; (2) time and pay records for the 10% sampling; (3) nearly 300 pages of documents, including documents related to P&G's policies and practices regarding meal and rest breaks, the payment of straight and overtime wages, timekeeping, work schedules, workday definition(s), employee job duties, wage statements, pay practices, and pay periods; (4) Named Plaintiff's time, pay and personnel records; (5) data regarding putative Class Members, as requested by Plaintiff, including responses to 19 questions posed by Plaintiff regarding the shifts and workdays worked by putative Class Members during the Class Period." (DE 23-2, at 35).

The total settlement amount is $650,000, and the average individual settlement payment to participating class members is estimated to be approximately $958.66. (DE 26-5, at 3-4). Given the risk and expense to both sides of further litigation, this amount appears to provide meaningful relief to the class. The fairness of this amount is further supported by the fact that no class members have objected to the Settlement, and only three requested exclusion from the class. Finally, class counsel is competent and experienced in the field of wage and hour litigation. There is no reason to suspect that class counsel or Plaintiff have acted against the interests of the class now or at any stage in the litigation.

**B. Attorneys' Fees and Costs**

"[T]he Supreme Court has indicated that the parties to a class action properly may negotiate not only the settlement of the action itself, but also the payment of attorneys' fees." *Williams v. MGM-Pathe Communs. Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) (citing *Evans v. Jeff D.*, 475 U.S. 717, 734-35 (1986)). The Ninth Circuit has repeatedly approved attorneys' fees awards as a percentage of recovery in common fund cases such as this. *See Torrisi*, 8 F.3d at 1376. 25% of the common fund has been used as a "benchmark" in the Ninth Circuit. *Id.* (citing *Six Mexican Workers v. Ariz. Citrus Growers,* 904 F.2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04944-R-E | Date | 07-11-19 |
|---|---|---|---|
| Title | *Cassidy Marsh v. The Procter & Gamble Paper Products Co., et al.* | | |

1301, 1311 (9th Cir. 1990); *Paul, Johnson, Alston & Hunt v. Graulty,* 886 F.2d 268, 272 (9th Cir. 1989)). The "benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Id.* (quoting *Six Mexican Workers,* 904 F.2d at 1311).

Here, class counsel proposes a fees award of $216,666, or one-third of the common fund, to be distributed 75% to The Spivak Law Firm and 25% to the United Employees Law Group. In addition, class counsel requests reimbursement of costs totaling $9,992.44. The Settlement is not contingent upon the Court awarding class counsel the full amount of fees requested. (DE 23-2, at 47). Although the Motion notes several cases granting awards above the 25% benchmark, an upward adjustment is inappropriate in this case. During the approximately fifteen months since this action was filed, the majority of class counsels' efforts appear to have been directed at settlement negotiations, including related discovery. No motions have been filed with this Court except those related to the Settlement. Moreover, class counsels' lodestar figure is approximately $88,353.33, which is substantially lower than the requested award. The contingent nature of this case also does not provide a compelling reason to depart from the 25% benchmark since class action cases are typically litigated on a contingent fee basis. In sum, class counsel has not established the existence of special circumstances indicating that a fees award of greater than 25% of the settlement fund would be appropriate. The 25% benchmark, which results in a total fees award of $162,500, provides a fair and reasonable fee to compensate class counsel in this case. The requested costs of $9,992.44 are approved in full.

### C. Settlement Administration Costs

Plaintiff requests settlement administration costs in the amount of $7,000 to settlement administrator Simpluris, Inc. The Court preliminarily approved the appointment of Simpluris as settlement administrator and costs of up to $20,000. No subsequent events have changed that determination. Accordingly, the requested settlement administration costs of $7,000 are approved in full.

### D. Service Award to Plaintiff

Plaintiff requests a service award of $15,000. Defendant has agreed not to oppose a request for up to that amount. "Courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *See, e.g.*, *Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001) (approving incentive awards of $300,000 to each named plaintiff in recognition of services to class by responding to discovery, participating in mediation process and taking the risk of stepping forward); *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 300 (N.D. Cal. 1995) (approving $50,000 participation award). These factors

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-04944-R-E | Date | 07-11-19 |
|---|---|---|---|
| Title | *Cassidy Marsh v. The Procter & Gamble Paper Products Co., et al.* | | |

weigh in favor of an incentive award here. Accordingly, the requested service award of $15,000 to Plaintiff is approved in full.

### V.      CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Certify Class for Settlement Purposes Only and Motion for Final Approval of Class Action Settlement. (DE 26). Specifically: the Court (1) confirms certification of the classes for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (2) finally approves the Settlement as fair, reasonable, and adequate; (3) confirms the appointment of David Spivak of The Spivak Law Firm and Walter Haines of the United Employees Law Group as class counsel; (4) confirms the appointment of Plaintiff as class representative; (5) grants an award of attorneys' fees totaling $162,500 to class counsel; (6) grants a costs award of $9,992.44 to class counsel; (7) approves a service award of $15,000 to Plaintiff; (8) approves settlement administration costs of $7,000 to Simpluris, Inc.; and (8) approves an allocation of $20,000 to PAGA claims for civil penalties, of which $15,000 will be paid to the LWDA and $5,000 of which will be included within the net distribution fund to be made available for distribution to class members.

**IT IS SO ORDERED.**

0 : 00

Initials of Preparer       cch